UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG FRENTZEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-214-JCH |
| JIM MOORE, et al., | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Craig Frentzel (registration no. 214784) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and thus, will assess an initial partial filing fee of $36.58. See 28 U.S.C. § 1915(b)(1).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C.

§ 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on February 15, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $182.92, and an average monthly account balance of $85.14. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $36.58, which is 20 percent of applicant's average monthly deposit

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Algoa Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Jim Moore (Superintendent, Missouri Department of Corrections), James Purkett (Superintendent, Missouri Department of Corrections), Jeff Clark (Medical Administrator, Correctional Medical Services), Dana Meyer (Medical Administrator, Correctional Medical Services), and Anasseril Daniel (Chief of Psychiatry, Correctional Medical Services). Plaintiff alleges that defendants Clark, Meyer, and Anasseril were deliberately indifferent to his serious psychiatric medical needs in neglecting, delaying, denying, and discontinuing plaintiff's prescribed

medications, resulting in "severe manic episodes, paranoia and other medical complications." Plaintiff further alleges that defendants Moore and Purkett "are both charged with the duty of administration of the [Eastern Reception & Diagnostic Correctional Center and the Northeast Correctional Center] and the institutional medical treatment for the State of Missouri."

**Discussion**

Plaintiff's claims against defendants Jeff Clark, Dana Meyer, and Anasseril Daniel regarding the violation of his constitutional rights survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2); Maine v. Thiboutot, 448 U.S. 1 (1980)(§ 1983 provides relief for violations of federal statutory law as well as constitutional rights). Therefore, the Court will order that defendants Jeff Clark, Dana Meyer, and Anasseril Daniel reply to the complaint.

The complaint is legally frivolous as to defendants Jim Moore and James Purkett, because plaintiff does not set forth any facts indicating that they were directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under §

4

1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $36.58 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Jim Moore and James Purkett, the Clerk shall not issue process or cause process to issue upon the complaint, because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Jeff Clark,

Dana Meyer, and Anasseril Daniel, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jeff Clark, Dana Meyer, and Anasseril Daniel shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 10th day of March, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**