UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRAIG FRENTZEL,                )
                               )
        Plaintiff,              )
                               )
    v.                         )    No. 4:06-CV-214-JCH
                               )
JIM MOORE, et al.,             )
                               )
        Defendants.             )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #25], in accordance with this Court's Order and Memorandum of June 26, 2006 [Doc. #20].

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Background**

Plaintiff filed his original complaint on February 15, 2006 [Doc. #3]. The named defendants were Jim Moore (Superintendent, Missouri Department of Corrections), James Purkett (Superintendent, Missouri Department of Corrections), Jeff Clark (Medical Administrator, Correctional Medical Services), Dana Meyer (Medical Administrator, Correctional Medical Services), and Anasseril Daniel (Chief of Psychiatry, Correctional Medical Services). On March 10, 2006, this Court ordered that as to defendants Jim Moore and James Purkett, the complaint was dismissed, without prejudice; and that as to defendants Jeff Clark, Dana Meyer, and Anasseril Daniel, the Clerk should issue process [Doc. #5 and Doc. #6]. Thereafter, plaintiff filed a "Motion to Amend Court's Previous Order" [Doc. #8], "Motion for Joinder of Addition[al] Parties" [Doc. #9], and "Motion for Joinder" [Doc. #10]. This Court denied these motions, without prejudice, and granted plaintiff thirty days to file an amended complaint [Doc.

#20]. The Court advised plaintiff that it would consider only the amended complaint when reviewing the action under § 1915(e). Plaintiff filed his amended complaint on July 21, 2006 [Doc. #25].

**The amended complaint**

Plaintiff, an inmate at the Algoa Correctional Center, seeks monetary, declaratory, and injunctive relief in this action for violations of his constitutional rights under 42 U.S.C. § 1983, as well as state tort law. The named defendants are Missouri Department of Corrections, Larry Crawford, James Purkett, Jim Moore, James Carter, Michelle Thompson, Cheryl McMillin, Candace Willis, Correctional Medical Service, Betty Johnson, Tymber Spray, Unknown Rakestraw, Unknown Rice, J. Cofield, E. Conley, Daniel Correctional Psychiatric Services, A.E. Daniel, S. Parwatikar, Unknown Tiongson, Jane Doe #1, Jane Doe, #2, John Doe #3, Jane Doe #4, Jane Doe #5, Jane Doe #6, Jane Doe #7, Jane Doe #8, and "John or Jane Doe #5."[1]

Having carefully reviewed the amended complaint, the Court concludes that plaintiff's claims against defendants Larry Crawford, James Purkett, Jim Moore, James Carter, Michelle Thompson, Correctional Medical Service, Betty Johnson, Tymber Spray, Unknown Rakestraw, Unknown Rice, J. Cofield, E. Conley, Daniel Correctional Psychiatric Services, A.E. Daniel, S. Parwatikar, Unknown Tiongson, Jane Doe #2, John Doe #3, Jane Doe

---

[1]Jeff Clark and Dana Meyer are not named as defendants in the amended complaint.

#4, Jane Doe #5, Jane Doe #6, and "John or Jane Doe #5" regarding the violation of his constitutional rights and state tort law survive review under § 1915(e)(2)(B) and should not be dismissed at this time.  See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that said defendants shall reply to the amended complaint.

Plaintiff's claims against the Missouri Department of Corrections are barred by the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978).  Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

The complaint is legally frivolous and will be dismissed as to defendant Candace Willis, because plaintiff does not set forth any facts or allegations against her.

Plaintiff's claims that defendant Cheryl McMillin lied to his mother many times; that defendant Jane Doe #1 "told plaintiff he should receive his medications that evening"; that defendant Jane Doe #7 "got what appeared to be a pair of tweezers and pulled metal out of [his bullet] wound"; and that defendant Jane Doe #8 "told plaintiff that his medications were being discontinued" do not rise to the level of a constitutional violation and fail to state a claim or cause of action.  As such, the amended complaint

4

will be dismissed as legally frivolous as to defendants McMillin, Jane Doe #1, Jane Doe #7, and Jane Doe #8.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants Missouri Department of Corrections, Cheryl McMillin, Candace Willis, Jane Doe #1, Jane Doe #7, and Jane Doe #8, because the claims against them are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Larry Crawford, James Purkett, Jim Moore, James Carter, Michelle Thompson, Correctional Medical Service, Betty Johnson, Tymber Spray, Unknown Rakestraw, Unknown Rice, J. Cofield, E. Conley, Daniel Correctional Psychiatric Services, A.E. Daniel, S. Parwatikar, Unknown Tiongson, Jane Doe #2, John Doe #3, Jane Doe #4, Jane Doe #5, Jane Doe #6, and "John or Jane Doe #5," the Clerk shall issue process or cause process to issue upon the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Larry Crawford, James Purkett, Jim Moore, James Carter, Michelle Thompson, Correctional Medical Service, Betty Johnson, Tymber Spray, Unknown Rakestraw, Unknown Rice, J. Cofield, E. Conley, Daniel Correctional Psychiatric Services, A.E. Daniel, S. Parwatikar, Unknown Tiongson, Jane Doe #2, John Doe #3,

Jane Doe #4, Jane Doe #5, Jane Doe #6, and "John or Jane Doe #5" shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendants Jeff Clark and Dana Meyer are **DISMISSED**, without prejudice, because they are not named as party-defendants in the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Craig Frentzel v. Missouri Department of Corrections, Larry Crawford, James Purkett, Jim Moore, James Carter, Michelle Thompson, Cheryl McMillin, Candace Willis, Correctional Medical Service, Betty Johnson, Tymber Spray, Unknown Rakestraw, Unknown Rice, J. Cofield, E. Conley, Daniel Correctional Psychiatric Services, A.E. Daniel, S. Parwatikar, Unknown Tiongson, Jane Doe</u>

<u>#1, Jane Doe #2, John Doe #3, Jane Doe #4, Jane Doe #5, Jane Doe #6, Jane Doe #7, Jane Doe #8, and "John or Jane Doe #5."</u>

An appropriate Order shall accompany this Order and Memorandum.

Dated this 16th day of August, 2006

                                        /s/ Jean C. Hamilton
                                        **UNITED STATES DISTRICT JUDGE**