UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG FRENTZEL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV214 JCH |
| ) | |
| JIM MOORE, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants James Carter, Larry Crawford, Jim Moore, James Purkett, and Michelle Thompson's ("Defendants") Motion to Dismiss, filed October 2, 2006. (Doc. No. 58). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff Craig Frentzel, an inmate at the Algoa Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Amended Complaint in this matter on July 21, 2006. (Doc. No. 25). In his Amended Complaint Plaintiff alleges, among other things, that Defendants[1] violated his rights under the Eighth Amendment, by failing to provide adequate medical treatment. Specifically, Plaintiff alleges Defendants failed to provide necessary name-brand psychiatric medications, failed to permit him access to an outside physician for evaluative purposes, and failed to provide adequate medical care for his injured leg and knee. (Amended Compl., PP. 8-15). Defendants now move to dismiss Plaintiff's Amended Complaint, asserting Plaintiff failed to exhaust administrative remedies prior to filing this action.

---

[1] In his Amended Complaint, Plaintiff names numerous other individuals and entities as Defendants as well.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Exhaustion is an affirmative defense which must be proved by defendant and need not be pleaded by plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk, 262 F.3d at 697.

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). When multiple prison-condition claims have been joined, § 1997e(a) requires that all available prison grievance remedies be exhausted as to all of the claims. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). Further, "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006), citing Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).

The Missouri prison grievance process provides that an inmate first must file an Informal Resolution Request ("IRR") within fifteen days of the incident. A response from prison officials is due thirty days later. Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. Another response from the prison is due thirty days later. Third, if the inmate is not satisfied with the grievance response, he may file an

Inmate Grievance Appeal within five working days of the response. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he may file a second appeal. Smith v. Stubblefield, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the first appeal.

In the instant case, the Court's review of the record reveals that at least one of Plaintiff's claims has not been fully exhausted. Specifically, the Court notes that Plaintiff filed both an IRR and an Offender Grievance with respect to the allegedly inadequate medical care he received for his leg injury. (See Defendants' Motion to Dismiss, attached Exh. F, PP. 2-3, 5-6). While Plaintiff received a response to his IRR (see Id., P. 4), to date he has not received a response to his Offender Grievance, nor has he filed a Grievance Appeal. (See Id., P. 1). As such, under Abdul-Muhammad, Plaintiff has not fully exhausted his administrative remedies, and dismissal without prejudice is required. See Fenton v. Northern, 2006 WL 1976037 (E.D. Mo. Jul 12, 2006); see also Bostic v. Babich, 2006 WL 2423101 (E.D. Mo. Aug 22, 2006).[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James Carter, Larry Crawford, Jim Moore, James Purkett, and Michelle Thompson's Motion to Dismiss (Doc. No. 58) is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

---

[2] Plaintiff presents no evidence that any efforts on his part to file a Grievance Appeal were thwarted by Defendants, and thus his reliance on Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002), is misplaced.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (Doc. Nos. 66, 70, 71, 72, 73, 88, 95) are **DENIED** as moot.


Dated this 12th day of December, 2006.


      /s/ Jean C. Hamilton
      UNITED STATES DISTRICT JUDGE